## Bush's Appeal.

Pending a suit brought upon an administration bond, to recover from the surety thereon a balance which the administrator failed to pay over, in accordance with a decree of distribution upon the audit and settlement of his account, the surety-petitioned the Orphans' Court for a rehearing and review of the proceedings in the settlement of the administration account, averring errors therein, inter alia, that the administrator had failed to ask for or receive credit due him for sums paid by him to parties entitled to receive the same, and alleging certain errors in the auditor's report. It appearing by the answer filed, and by the record, that the petitioner was present at the audit, that exceptions were filed to the auditor's report and dismissed by the court, and the answer denying the facts alleged in the petition, the court, after hearing, dismissed the petition.

*Held,* not to be error.

March 6th 1883.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Lehigh county :* Of January Term 1882, No. 364.

Appeal by Charles Bush, who was surety upon the administration bond of William H. Blumer, administrator of the estate of Eliza Blumer, deceased, from a decree dismissing his petition

for a bill of review in the matter of the audit of said administrator's account, and the decree of distribution thereon.

The petition of said Charles Bush, filed January 7th 1881, set forth that the said administrator filed his account August 7th 1863, which was referred to an Auditor who reported distribution of the balance which he found to be in the hands of the accountant, to wit, the sum of $1,637.41 ; that exceptions filed to the report were dismissed, and the report confirmed by the court (HARVEY, P. J.), in 1878. The petitioner set forth that there is material error in the proceedings, in that numerous credits for sums paid on account of the estate by the administrator for the support and maintenance of minor children of the decedent were not claimed by nor allowed him ; that the petitioner had no knowledge of these facts until long after the confirmation of the account, and not until after the commencement of an action of debt against him on the administration bond, which action is now pending, and that the administrator has not yet paid out the sums distributed by the Auditor. The petitioner therefore prayed for a rehearing and review of the said proceeding in the matter of the audit of the administrator's account, and the decree of distribution thereon.

The distributees filed an answer to said petition, setting forth in substance that the petitioner had notice of, and was present at, said audit, and that the matter is res adjudicata. They also set up laches by the petitioner.

The court (ALBRIGHT, P. J.), after argument, filed the following opinion :—

"A careful consideration of all that is alleged in the petitions, and of what appears in the report of the Auditor, and in the proceedings before him, fail to convince that the accountant, or his surety, have any cause to complain of the decree as it stands, or that the investigation asked for could result in reducing the amount of the decree.

"And now May 16th 1881, the petitions for bills of review dismissed."

The petitioner thereupon took this appeal, assigning for error the above order of the court, and also that the court erred in dismissing the several exceptions theretofore filed to the said Auditor's report, reciting the same seriatim.

*R. E. Wright and Son*, and *M. L. Kauffman*, for the appellant.

*Edward Harvey* ( *W. P. Snyder* with him), for the appellees.

Chief Justice MERCUR delivered the opinion of the court, March 19th 1883.

[Bush's Appeal.]

The right of the appellant to be heard here, arises from his being surety for the administrator. His interest is therefore restricted to the ascertainment of the sum adjudged to be in the hands of the administrator. He is not interested in the distribution.

This record is rather obscure, and the manner of making distribution is somewhat irregular. The main purpose of this proceeding, however, was to make distribution, and no person claiming a share in the fund complains of the manner in which it has been done. This removes from our consideration all questions relating thereto.

The right of the appellant is derived from the administrator. He occupies no higher ground. The account of the administrator showing the sum due from him to the estate had been filed and confirmed in 1863. This proceeding did not seek to impair that decree as to the sum of money then in his hands. In addition to that sum he had returned as then unsold water-stocks valued at $100. After the confirmation of his account no decree of distribution had been made, yet from time to time he had made some payments to the persons interested in the fund. Recognizing that fact, the duties of the Auditor in this case were made broad enough to inquire into the payments made, and to ascertain the residue unpaid to each claimant.

On the hearing before the Auditor the administrator testified, under protest, that he had, since the confirmation of his account, sold the water-stocks for $150. Thereupon the Auditor added this to the other sum previously decreed to be in his hands, and made distribution of the whole fund. It was no opening of the old account. It was not charging the administrator with any greater sum than he admitted in his account confirmed, and by his oath to be in his hands. As the fund for distribution is thus clearly established against the administrator, and no fraud is shown, it cannot be impeached by the surety. It was alleged on the argument that the administrator had not received credit for a full share that he had paid to one of the children out of the general balance of the fund. We fail to discover in the record the evidence establishing such payment. Although numerous exceptions were filed to the report of the Auditor, yet no one of them alleged any such error. A fact not covered by exception then, cannot as matter of right be assigned for error now.

A review of the whole proceeding connected with the distribution fails to disclose any just cause of complaint by the appellant. Substantial justice has been done in this proceeding.

Decree affirmed and appeal dismissed at the costs of the appellant.